UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

In re:

    The Richmond Group, Inc.,
        dba DDT Repack, dba Richmond Foods,

        Debtor.

Bankruptcy Case No. 2-16-20258-PRW
Chapter 7

─────────────────────────────────────────────

Douglas J. Lustig,
as Chapter 7 Trustee,

        Plaintiff,

   v.

Craig Wilson,

        Defendant.

A.P. No.: 2-17-02015-PRW

─────────────────────────────────────────────

**DECISION AND ORDER
DENYING PLAINTIFF'S MOTION
TO MAKE SERVICE BY EMAIL
UNDER RULE 4(f)(3) FRCP**

PAUL R. WARREN, United States Bankruptcy Judge

    The Chapter 7 Trustee commenced a civil action against Craig Wilson by filing a complaint on September 12, 2017. (ECF AP No. 1).[1] Counsel to the Trustee—William Brueckner—immediately filed an *ex parte* motion requesting that the Court authorize service of the summons and complaint by email under Rule 4(f)(3) FRCP, arguing that making service

---

[1] References to the docket for the adversary proceeding are identified as "ECF AP" and references to the docket in the main bankruptcy case are identified as "ECF BK."

under Rule 4(f)(2) would be burdensome, costly, and slow. (ECF AP No. 2). Perhaps fancying the Trustee in the role of Agent Carl Hanratty (played by Tom Hanks) and Mr. Wilson in the role of Frank Abagnale (played by Leonardo DiCaprio), counsel attempts to spin a tale of international intrigue reminiscent of Stephen Spielberg's *Catch Me If You Can*.[2] But, unlike the considerable efforts taken by Agent Hanratty to track down his prey, the motion demonstrates a decided lack of effort by counsel to locate Mr. Wilson or to learn the basic requirements for service of process in New Zealand. The motion is unconvincing in asserting that service of process under Rule 4(f)(2) is unnecessarily burdensome or that service by email would comport with the internal law of New Zealand. And, because it is reasonable to anticipate that the Trustee—if successful on the merits—would seek recognition and enforcement of a federal court judgment in New Zealand, counsel must ensure that service of process complies with the laws of that country. The motion is, in the exercise of the Court's discretion, **DENIED**.

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

---

[2] *Catch Me If You Can*. Dir. Stephen Spielberg, DreamWorks Pictures, 2002.

## II.

## QUESTION PRESENTED

Has the plaintiff carried his burden to justify court intervention permitting service of process by email on an individual residing in New Zealand, under Rule 4(f)(3), without having made any attempt to serve process under Rule 4(f)(2) or to determine whether the requested method of service comports with the internal law of New Zealand? The answer is no.

## III.

## BACKGROUND

On March 11, 2016, an involuntary chapter 7 petition was filed against The Richmond Group, Inc., a corporation doing business as Richmond Foods. (ECF BK No. 1). After service of the involuntary summons, Richmond Foods filed a motion to dismiss the petition, asserting that a bona fide dispute existed as to liability and amount of claims, under 11 U.S.C. §§ 303(b)(1) and (h)(1). (ECF BK No. 15). The petitioning creditors opposed the motion to dismiss, asserting that no such bona fide dispute existed. (ECF BK No. 29). The motion to dismiss was scheduled to be heard on May 5, 2016. (ECF BK No. 20). The submissions by the parties raised genuine issues of material fact, requiring resolution after trial, as required by 11 U.S.C. § 303(h)(1). As a result, the Court scheduled a trial, on an expedited basis, to resolve the factual question of whether a bona fide dispute existed as to liability or amount of claims under 11 U.S.C. § 303(b)(1). (ECF BK No. 32). The parties were permitted to conduct limited discovery, also on an expedited basis. (*Id.*). Trial was scheduled for May 24, 2016. (*Id.*). On May 20, 2016, Richmond Foods withdrew its opposition to the involuntary petition. (ECF BK No. 45). An Order for Relief was promptly entered under 11 U.S.C. § 303(h). (ECF BK No.

47). At no point, from commencement of the involuntary case through entry of the Order for Relief, did the petitioning creditors request the appointment of an interim trustee to take possession of the property of the Estate, under 11 U.S.C. § 303(g).

On June 15, 2016, the United States Trustee appointed Douglas J. Lustig to serve as Chapter 7 Trustee. (ECF BK No. 51). The next day, the Trustee made application to employ his law firm as counsel to the Trustee. (ECF BK No. 54). In late August 2016, the Trustee made application to employ Mr. Brueckner and his law firm to serve as litigation counsel in connection with claims that the Trustee might bring under chapter 5 of the Code. (ECF BK No. 72). The Trustee indicated that litigation counsel would be paid a "discounted rate" of $300 an hour, subject to Court approval. (*Id.*). The Court granted both of those retention applications. (ECF BK Nos. 60 & 117).

Three months passed after the appointment of the Trustee, without schedules and statements being filed. As a result, in September 2016, the Court issued an Order for the petitioning creditors to show cause why they should not be compelled to prepare and file schedules and statements on behalf of the debtor, under Rule 1007(k) FRBP. (ECF BK No. 99). The petitioning creditors requested that the Trustee be allowed to construct schedules and statements from the debtor's records, to avoid further expense to the petitioning creditors. (ECF BK Nos. 113 & 116). The Court acceded to that request, and allowed the Trustee to retain a computer forensics investigator to assist in unearthing the information necessary for inclusion in the debtor's schedules and statements. (ECF BK No. 119).

The statements made by Michael J. Beyma, Esq., on behalf of one of the petitioning creditors in responding to the Court's show cause Order, provide a useful lens through which to view the Trustee's motion to make service by email under Rule 4(f)(3). Mr. Beyma stated that

4

Case 2-17-02015-PRW    Doc 6    Filed 09/21/17    Entered 09/21/17 16:17:57    Desc Main
Document    Page 4 of 13

"[t]he Petitioning Creditors and their counsel have fully cooperated with the Trustee and have given him substantial information and assistance. . . . [T]hey have supplied information regarding the former business owner of the Debtor (who allegedly took over $1,500,000.00 from the Debtor)." (ECF BK No. 113, ¶ 4). Mr. Beyma's affidavit is dated September 30, 2016—nearly one full year before the Trustee filed his complaint and this motion. And the Trustee has also been aware, for a considerable period of time, that Mr. Wilson may have departed the United States. (*See* ECF BK No. 126, Disclaimer and General Statement).[3]

The Trustee now moves for an order permitting him to effect substitute service by email under Rule 4(f)(3), to avoid the more traditional methods of service under Rule 4(f)(2)—without having first undertaken any steps to effectuate service under Rule 4(f)(2) or to ascertain whether New Zealand law permits service by email under the specific circumstances described in the motion.

## IV.

## DISCUSSION

Rule 4(f) FRCP—captioned "Serving an Individual in a Foreign Country"—applies in adversary proceedings by operation of Rule 7004(a)(1) FRBP. While the Trustee's motion flip-flops between suggesting that Mr. Wilson's whereabouts is "unknown" and asserting that Mr. Wilson is residing somewhere in New Zealand, counsel's heavy reliance on Rule 4(f) seems to indicate that the Trustee really believes Mr. Wilson is in New Zealand. (*Compare* ECF AP No.

---

[3] The story about Mr. Wilson's financial dealings and his whereabouts is old news. The delays that service of process in compliance with Rule 4(f)(2)(A)-(C) might occasion, as forecast in the motion, ring a bit off-key given the length of time that has elapsed since Mr. Wilson first became a blip on the Trustee's radar.

5

2, ¶¶ 4 & 8 *with* ECF AP No. 2, ¶¶ 13-15). If Mr. Wilson's location on planet Earth was truly a mystery, counsel's reliance on Rule 4(f) would make no sense. The Court will assume, for purposes of deciding this motion, that Mr. Wilson resides in New Zealand.

A.     **Legal Standard Under Rule 4(f) FRCP**

"A federal court may assert jurisdiction over a defendant only if 'the procedural requirements of service . . . [have] be[en] satisfied.'" *Joshi Techs. Int'l, Inc. v. Consorcio Pegaso*, Case No. 177-CV-359-GKF-FHM, 2017 U.S. Dist. LEXIS 115888, at *2 (N.D. Okla. July 25, 2017) (quoting *Baca v. Rodriguez*, 554 F. App'x 676, 678 (10th Cir. 2014)). "Service not only notif[ies] a defendant of the commencement of an action against him, but also provid[es] a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Joshi Techs. Int'l, Inc.*, 2017 U.S. Dist. LEXIS 115888, at *2 (citation omitted) (internal quotation marks omitted). Mr. Wilson is alleged to reside in a foreign country, so Rule 4(f) governs service of the summons and complaint in this action.

Rule 4(f)(1) does not apply here, because New Zealand is not a member of the "Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters." *See* Hague Conference on Private Int'l Law, *Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Aug. 2, 2017). That leaves Rule 4(f)(2) [*service as prescribed by the foreign country's law or as directed by the foreign country in response to a letter rogatory*] and Rule 4(f)(3) [*service by other means as directed by the federal court*]. While the federal courts have repeatedly

6

Case 2-17-02015-PRW    Doc 6    Filed 09/21/17    Entered 09/21/17 16:17:57    Desc Main
Document    Page 6 of 13

recognized that Rule 4(f)(3) stands on equal footing with Rules 4(f)(1) and (2), the majority of courts require a showing that the plaintiff has attempted service under Rule 4(f)(1) or (2) and that court intervention is necessary to effectuate service under the particular circumstances of the case. *See KG Marine, LLC v. VICEM Yat Sanayi ve Ticaret AS*, 24 F. Supp. 3d 312 (W.D.N.Y. 2014) (Wolford, J.).

Service under Rules 4(f)(1) and (2) is always available to a plaintiff. By contrast, service under Rule 4(f)(3) is only available if the federal court exercises its discretion and permits service under that provision. It is the plaintiff's burden to justify service under Rule 4(f)(3) before the Court will exercise its discretion. "And before granting an (f)(3) request, the court may require that plaintiff attempt to conventionally serve defendants pursuant to (f)(1) or (f)(2)." *Joshi Techs. Int'l, Inc.*, 2017 U.S. Dist. LEXIS 115888, at *4 (citations omitted). "That approach comports with longstanding judicial practice to minimize potential conflict between domestic and international law." *Id.* (citing *Murray v. Schooner Charming Betsy*, 6 U.S. 64, (1804) (Marshall, C.J.)). A court should take great care in deciding whether to exercise its discretion to permit service under Rule 4(f)(3), to avoid violating the sovereignty of a foreign country. "Indeed, Rule 4(f)(3) was [expressly] intended as a catchall to authorize 'other methods of service not prohibited by international agreements'—but only where 'consistent with due process and [designed to] minimize [] offense to foreign law.'" *Joshi Techs. Int'l, Inc.*, 2017 U.S. Dist. LEXIS 115888, at *6 (quoting the Advisory Committee Notes to the 1993 amendments to Rule 4 FRCP). "Simply put, [a] liberal construction of Rule 4 cannot be utilized as a substitute for the plain legal requirement[s] as to the manner in which service of process may be had." *Id.* at *6-7 (citation omitted) (internal quotation marks omitted). Against this backdrop, the Court turns to

7

the Trustee's request for leave of court to make service on Mr. Wilson by email under Rule 4(f)(3).

B.     **Application of Rule 4(f)(2)(A), (B), and (C) to Service of the Plaintiff's Complaint**

Counsel asserts that the Trustee should not be put to the trouble of attempting service under Rule 4(f)(2)(A), (B), or (C), because to do so would be "unduly burdensome," "likely futile," and "unnecessarily prejudice[] the prompt and efficient administration of the estate." (ECF AP No. 2, ¶¶ 22 & 23). Counsel suggests that making service by email under Rule 4(f)(3) will do the trick here, pointing to *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) and *Ryan v. Brunswick Corp.*, Case No. 02-CV-0133E(F), 2002 U.S. Dist. LEXIS 13837 (W.D.N.Y. May 31, 2002) as authority. (ECF AP No. 2, ¶¶ 27 & 28). A casual reading of those cases leads the Court to conclude that: (1) those courts (and others) did, indeed, permit service on a foreign defendant by email, and (2) those cases are factually distinguishable, in meaningful respects, from the facts at hand. The Court will address the arguments advanced by the Trustee, in the order presented in the motion.

First, counsel attempts to avoid service under the requirements of Rule 4(f)(2)(B)—"*as the foreign authority directs in response to a letter rogatory or letter of request*"—by observing that the United States Department of State indicates "'[e]xecution of letters rogatory may take a year or more.'" (ECF AP No. 2, ¶ 22 (quoting Department of State website)). Of course, counsel does not mention the very next sentence of the same document, that states, "The time involved may be shortened by transmitting a copy of the request through a local attorney directly to the foreign court." *See* U.S. Dep't of State, *Preparation of Letters Rogatory*, https://travel.state.gov/content/travel/en/legal-considerations/judicial/obtaining-

evidence/preparation-letters-rogatory.html (last visited Sept. 20, 2017) (also providing lists of local attorneys by country). While counsel may that believe compliance with Rule 4(f)(2)(B) would be "bothersome" (annoying), counsel has not demonstrated that compliance is "burdensome" (onerous). Citation to one sentence from a document on the Department of State website is not sufficient to convince the Court that service under Rule 4(f)(2)(B) would be onerous. And, treading on the sovereignty of New Zealand, for the sake of simplicity, is not in keeping with the letter or spirit of Rule 4(f)(2)(B).

Second, counsel attempts to avoid service under the requirements of Rule 4(f)(2)(A)—"*as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction*"—and Rule 4(f)(2)(C)—"*delivering a copy of the summons and of the complaint to the individual personally; or using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt*." To that end, counsel indicates that the Trustee does not know what the law of New Zealand requires for service of process in the manner described in Rule 4(f)(2)(A) or (C). The Trustee asserts that it would be cost-prohibitive to determine the requirements of New Zealand law. (ECF AP No. 2, ¶ 23). The motion estimates that those costs could approach $5,000. (*Id.* at n.3).

There are several reasons why that position gives the Court pause. First, while counsel urges the Court to permit service by email, he admits that he has no idea whether that method of service would be valid in New Zealand. (*Id.* at ¶ 23). Second, counsel argues that the Estate should not be made to bear the expense of figuring out the methods of service required or permitted by New Zealand law. (*Id.*). But, the Estate will be asked to bear the legal fees incurred by the Trustee in bringing this motion—and those legal fees are being charged at a rate of $300 an hour. It would be the Court's best guess that the attorneys' fees generated in bringing

9

this motion will equal—or more likely exceed—the "very considerable cost" of making service under Rule 4(f)(2)(A) or (C). (*Id.*).[4]

A quick visit to the website for the District Courts of New Zealand would have provided counsel with answers to the cost-prohibitive questions described in paragraph 23 of the motion.[5] "You can serve a document by . . . sending it to a post office box, document exchange box, *email address* or fax number **given to you by the other party for the purpose of service** [or by] *another method that the court may tell you*." See N.Z. Ministry of Justice, *Going to Court, Serving Documents*, https://www.justice.govt.nz/courts/going-to-court/without-a-lawyer/representing-yourself-civil-district-court/serving-documents/ (last updated Sept. 23, 2016) (emphasis added). The motion makes it abundantly clear that Mr. Wilson *did not* give the Trustee or his attorney his email address—for any purpose—and certainly not for the purpose of service of process. (*See* ECF AP No. 2, Ex. D). The fact that Mr. Wilson gave his email address to his attorneys, but not to the Trustee in connection with this litigation, does not seem to fit the requirements identified by the New Zealand courts. But that is just speculation at this point. Service under Rule 4(f)(2)(B)—a letter rogatory—would provide the New Zealand courts with the ability to tell the Trustee how to make service. Perhaps the New Zealand courts would permit email service in the manner described in the motion. Or, perhaps not. But, until such time as that question is asked

---

[4] Because the motion was brought before any effort was made to attempt service under Rule 4(f)(2)(A), (B), or (C)—or to even determine the requirements for service under New Zealand law—the Court will carefully scrutinize the legal fees requested by counsel in connection with this litigation (particularly the fees generated in connection with this motion), when a fee application is eventually submitted by the Trustee under 11 U.S.C. § 330(a).

[5] The Court was able to locate that information in less than five minutes. At $300 an hour, it would have cost around $25.00 to unearth this elusive bit of information.

10

of and answered by the New Zealand courts, it is unclear whether service of process by email would survive scrutiny in New Zealand, on these facts.

This brings the Court to its third concern with the motion. Unlike the plaintiffs in *Rio* or *Ryan*, who were bearing the costs of litigation, here the Estate is bearing the litigation costs, at the ultimate expense of the creditors. There are limited funds presently at the Trustee's disposal, so every dollar spent on this litigation is a dollar less for distribution to creditors. And, while the amount of recovery sought by the Trustee in this litigation would go a very long way toward making creditors whole, it does the Estate no good if the resulting federal court judgment is unenforceable in New Zealand. "[A] limitation of the *Rio* decision lies in its failure to address the problems inherent in enforcing a judgment based on service of process through a method not compliant with the enforcing country's laws. . . . If a United States judgment requires enforcement in a foreign country, the service of process on which the judgment is based must have complied with the internal laws of the enforcing country." Yvonne A. Tamayo, *Catch Me if You Can; Serving United States Process on an Elusive Defendant Abroad*, 17 Harv. J. Law & Tech. 211, 235-36 (2003). The commentator's suggested solution for attempting service of process by email under Rule 4(f)(3), as permitted by the *Rio* and *Ryan* courts, would be for the plaintiff "*to ensure that service of process complied with [the foreign country's] internal law. Likely, this would require the issuance of a letter rogatory. . . . In most foreign countries, a letter rogatory is an accepted, indeed favored, method of serving process to ensure subsequent recognition of a United States judgment.*" *Id.* at 244 (emphasis added). As the Estate's fiduciary, the Trustee has a duty to insist that counsel fully consider and appreciate the downstream risks created by shortcutting the method utilized to acquire personal jurisdiction

11

over a foreign defendant, where enforcement of a resulting federal court judgment will likely require the assistance of a foreign country's courts.

Finally, counsel's reliance on *Broadfoot v. Diaz*, 245 B.R. 713 (Bankr. N.D. Ga. 2000) is unavailing. The similarity between Mr. Wilson and the defendant in *Broadfoot* may be that both have been described by their pursuers as "moving targets." But the similarity with *Broadfoot* ends there. The *Broadfoot* court did not authorize service by email under Rule 4(f)(3) because the defendant was a moving target. Instead, the *Broadfoot* court chronicled the numerous contacts between the trustee and the defendant before litigation commenced. The court was careful to recount that, although the defendant refused to divulge his mailing address, he did provide the trustee with a permanent fax number and email address, *and directed the trustee to communicate with him exclusively through that fax number (which forwarded all faxes to his email)*. *Broadfoot*, 245 B.R. at 718-19. Given the specific facts before it, the *Broadfoot* court had no trouble finding that the defendant's preferred method of communication, *with the trustee concerning all bankruptcy proceedings*, was by facsimile and email. Here, no such similarity exists. Instead, the Trustee attempts to piggyback on a series of email communications between Mr. Wilson and Mr. Wilson's legal counsel. There is no suggestion that there has been *any* email communication between the parties to this litigation, for *any* purpose. In fact, there is no suggestion that there has been any communication between these parties at all.

## V.

## CONCLUSION

The plaintiff has failed to show that the proposed method for substitute service is reasonably calculated to provide the defendant with actual notice of the proceeding and an

opportunity to be heard. The plaintiff has failed to show that he made a diligent inquiry to support a finding that service under Rule 4(f)(2) FRCP cannot be made. Finally, the plaintiff made no showing that the proposed method of service would comply with the internal laws of New Zealand. The motion requesting leave to make service by email under Rule 4(f)(3) FRCP is, in the exercise of the Court's discretion, **DENIED**.

IT IS SO ORDERED.

DATED: September 21, 2017  _____/s/_____
       Rochester, New York        HON. PAUL R. WARREN
                                                   United States Bankruptcy Judge